**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 25, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JARED TAYLOR GARRISON,

Defendant - Appellant.

No. 06-6128

(W.D. of Oklahoma)

(D.C. No. CR-05-115-01-T)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

Jared Garrison pleaded guilty in the United States District Court for the
Western District of Oklahoma to one count of being a felon in possession of a
firearm and ammunition, *see* 18 U.S.C. § 922(g)(1). The district court sentenced
him to 180 months' imprisonment. He appeals the court's denial of his motion to
suppress the gun found on his person during a frisk by a police officer,
contending that the officer could not have reasonably believed that he was armed

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and dangerous. We disagree and affirm. Before the frisk he had told the officer that he had just been released from prison and was carrying a gun.

Before dawn on April 5, 2005, Officer Philip Paz noticed Mr. Garrison leaning into the driver's side of a pickup truck parked in the lot of a hotel. Mr. Garrison had a flashlight and an armful of tools. Paz had recovered over 20 stolen vehicles from the parking lot and had made at least 50 drug-related arrests there. He suspected that a car burglary was in progress and approached Mr. Garrison. At the outset of the encounter, Mr. Garrison's hands, voice, and body were shaking. When Paz asked him why he was so nervous, Mr. Garrison replied that he had just been released from prison. After a second officer arrived, Paz escorted Mr. Garrison to his patrol car. Before conducting a frisk, Paz asked him whether he "had anything on his person that [Paz] should know about." Aplee. Supp. App. at 21. Mr. Garrison replied "I have a gun in my waistband." *Id*. Paz retrieved a .380 caliber handgun from the waistband. When he checked the vehicle registration, he determined that the truck belonged to Mr. Garrison. But Paz took Mr. Garrison to the police station where he verified that Mr. Garrison was a convicted felon and arrested him for possessing a firearm.

When reviewing a district court's denial of a motion to suppress evidence, "we view the evidence in the light most favorable to the government, accept the district court's findings of fact unless clearly erroneous, and review *de novo* the

-2-

ultimate determination of reasonableness under the Fourth Amendment." *United States v. Katoa,* 379 F.3d 1203, 1205 (10th Cir. 2004).

Mr. Garrison does not challenge his detention but only the pat-down search. An officer may conduct a protective search of a suspect when he reasonably believes that the suspect might be armed and dangerous. *See United States v. Maddox*, 388 F.3d 1356, 1361 (10th Cir. 2004). Such a belief was perfectly reasonable in this case.

The judgment below is AFFIRMED.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge